PROB 12B
(7/93)

# United States District Court

for the

## Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

UNITED STATES ~~~ COURT
RECEIVED
AUG 03 2005
JUSTIN L. QUACKENBUSH
SPOKANE, WASH

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AUG 04 2005
JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Name of Offender: James C. Danforth         Case Number: 2:90CR00247-001

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: 8/22/1991         Type of Supervision: Supervised Release

Original Offense: Felon in Possession of Firearm, 18 U.S.C. §§ 922(g) and 924 (e)         Date Supervision Commenced: 2/25/2005

Original Sentence: Prison - 180 Months; TSR - 60 Months         Date Supervision Expires: 2/24/2010

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

18.   You shall reside in a community corrections center for a period of up to **120** days. This placement may include a pre-release component, day reporting and home confinement (with or without electronic monitoring but not to include GPS) at the direction of the CCM and USPO. You shall remain at the facility until discharged by the Court.

## CAUSE

James Danforth violated the conditions of his supervised release by being arrested for city assault-domestic violence on or about July 30, 2005, in Spokane, Washington, in violation of the mandatory condition that he not commit another Federal, state, or local crime.

According to a Spokane Police Department incident report, James Danforth, on or about July 30, 2005, did assault his daughter, Misty Gerard, by intentionally touching and/or striking her in an offensive and/or unlawful manner, and/or by an intentional act created in her reasonable apprehension and/or fear of bodily injury. On the above-mentioned date, the offender appeared at his daughter's apartment without authorization and confronted her about an individual she is dating. An argument ensued and the offender physically prevented his daughter from departing the premises. Consequently, law enforcement officers were summoned to the apartment and the offender was arrested.

On August 1, 2005, James Danforth appeared in Spokane Municipal Court and released from custody later that day. The undersigned officer confirmed that the Spokane Prosecutor's Office declined to prosecute this matter. The undersigned officer will continue to monitor the situation and keep the Court apprised of any changes.

The Court may recall that on May 5, 2005, James Danforth's conditions of supervision were modified to include a 150-day community corrections center (CCC) placement in Spokane, Washington. The offender admitted consuming marijuana on April 20, 2005. James Danforth has resided at the Turner House since May 11, 2005, without incident. Unfortunately, as a result of his indiscretion on the date in question, he has been terminated from the CCC program.

As an intermediate sanction, James Danforth was instructed to not have direct contact with his daughter until further notice. The offender was instructed to attend substance abuse counseling at New Horizons as required. James Danforth participated in a substance abuse evaluation and is scheduled to start treatment at New Horizon Center. The offender has been instructed to reside at the Union Gospel Mission until Your Honor provides direction in this matter.

James Danforth has agreed to resume participation at the Turner House. On August 2, 2005, James Danforth signed the attached waiver of hearing and is in agreement to modify his conditions of supervision if the Court is inclined to do so.

The undersigned officer remain convinced that the offender is amenable to substance abuse counseling while residing at the Turner House. In addition, the offender appears genuinely remorseful for his lack of judgment in this matter. The undersigned officer will facilitate placement at the Turner House if Your Honor concurs. However, in the event you choose to have a warrant or summons issued, please advise and the undersigned officer will prepare the appropriate petition and present it for your signature.

It is respectfully recommended that the attached waiver of hearing to modify conditions of supervised release be adopted to require James Danforth to reside in, and satisfactorily participate in, a community corrections center program as a condition of supervised release for up to 120 days.

Respectfully submitted,

by

Tommy Rosser
U.S. Probation Officer
Date: August 3, 2005

## THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X]  The Modification of Conditions as Noted Above
[ ]  Other

Signature of Judicial Officer

August 4, 2005
Date