PROB 12B
(7/93)

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 0 7 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: James C. Danforth      Case Number: 2:90CR00247-001

Name of Sentencing Judicial Officer:  The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: 08/22/1991      Type of Supervision:  Supervised Release

Original Offense: Felon in Possession of Firearm, 18 U.S.C. § 922(g); 924(e)Felon in Possession of Firearm, 18 U.S.C. § 922(g); 924(e)

Date Supervision Commenced: 02/25/2005

Original Sentence: Prison - 180 Months; TSR - 60 Months

Date Supervision Expires: 02/24/2010

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

> You shall complete a mental health evaluation and follow any treatment recommendations, including taking prescribed medications, as recommended by the treatment provider. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability.

> After successful completion of an intensive inpatient program, you shall reside in a community corrections center for a period up to 90 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

> You shall abstain from the use of illegal substance, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

### CAUSE

On October 25, 2005, the undersigned received notice that James Danforth violated conditions of his supervised release by consuming marijuana on or about October 20, 2005, contrary to condition number 7 of the conditions of supervised release.

On October 27, 2005, the offender was summoned to the U.S. Probation Office to address the reported noncompliance. The offender admitted consuming marijuana after attending a substance abuse treatment class on October 18, 2005. On October 28, 2005, the offender signed an admission of drug use form.

Prob 12B
**Re: Danforth, James C.**
**October 28, 2005**
**Page 2**

As the Court may recall, the offender consumed controlled substances on multiple occasions while participating at the community corrections center. The undersigned officer notified the Court that James Danforth would be referred to an aftercare program and intensive outpatient counseling, respectively. Additionally, the frequency of urine testing was increased to no less than once weekly. It was twice recommended that the offender be placed at the Turner House and continue to participate in substance abuse counseling. Contact with the chemical dependency counselor confirms that the offender continues to avail himself for counseling purposes.

As an intermediate sanction, James Danforth was again directed to abstain from the use of marijuana while under supervision. In addition, he is required to participate in an intensive inpatient program once placement has been secured. As a result of his continued use of marijuana while at the Turner House, the offender will once again be terminated from the program. It is anticipated the offender will enter into a 28 day intensive inpatient program on November 1, 2005. James Danforth will continue to reside at the Turner House through October 2005.

It is respectfully recommended that the attached waiver of hearing to modify conditions of supervision be adopted requiring James Danforth to participate in mental health counseling and following completion of intensive inpatient treatment, reside at a community corrections center for a period up to 90 days. The Court previously imposed substance abuse counseling. It is also requested that the Court determine the frequency of testing for the remainder of supervision.

Your Honor, it is again hoped that the intermediate sanctions imposed meet your expectations. The undersigned officer remains convinced the offender is amenable to treatment efforts. However, in the event that you choose to have a warrant or summons issued, please advise and the undersigned will prepare the appropriate petition and present it for your signature.

Respectfully submitted,

by *Tommy R*

Tommy Rosser
U.S. Probation Officer
Date: October 28, 2005

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[ ]   The Modification of Conditions as Noted Above
[ ]   Other

_____
Signature of Judicial Officer

_____
Date

Prob 12B
Re: Danforth, James C.
October 28, 2005
Page 2

As the Court may recall, the offender consumed controlled substances on multiple occasions while participating at the community corrections center. The undersigned officer notified the Court that James Danforth would be referred to an aftercare program and intensive outpatient counseling, respectively. Additionally, the frequency of urine testing was increased to no less than once weekly. It was twice recommended that the offender be placed at the Turner House and continue to participate in substance abuse counseling. Contact with the chemical dependency counselor confirms that the offender continues to avail himself for counseling purposes.

As an intermediate sanction, James Danforth was again directed to abstain from the use of marijuana while under supervision. In addition, he is required to participate in an intensive inpatient program once placement has been secured. As a result of his continued use of marijuana while at the Turner House, the offender will once again be terminated from the program. It is anticipated the offender will enter into a 28 day intensive inpatient program on November 1, 2005. James Danforth will continue to reside at the Turner House through October 2005.

It is respectfully recommended that the attached waiver of hearing to modify conditions of supervision be adopted requiring James Danforth to participate in mental health counseling and following completion of intensive inpatient treatment, reside at a community corrections center for a period up to 90 days. The Court previously imposed substance abuse counseling. It is also requested that the Court determine the frequency of testing for the remainder of supervision.

Your Honor, it is again hoped that the intermediate sanctions imposed meet your expectations. The undersigned officer remains convinced the offender is amenable to treatment efforts. However, in the event that you choose to have a warrant or summons issued, please advise and the undersigned will prepare the appropriate petition and present it for your signature.

Respectfully submitted,

by *Tommy R.*

Tommy Rosser
U.S. Probation Officer
Date: October 28, 2005

---

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

11/2/05
Date